### Edward B. Leigh v. American Brake Beam Co.

1. PRINCIPAL AND AGENT—*A Person Can Not Act as the Agent of Another in Making a Contract for Himself.*—A person can not act as the agent of another in making a contract for himself.

2. CORPORATIONS—*Director Acting for Himself in a Transaction Can Not be Treated as the Agent of the Corporation Therein.*—A director or officer of a corporation acting avowedly for himself or on behalf of another with whom he is interested in any transaction can not be treated as the agent of the corporation therein.

Assumpsit, for money had and received. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed April 14, 1903.

This was an action brought by appellee against appellant for money had and received. Upon the trial it appeared that in the summer of 1899 there were given to appellant by Henry D. Laughlin, general manager of the American Brake Beam Company, two drafts by the American Brake Beam Company, payable to the order of appellant, directed to the American Trust & Savings Bank, one of the same being for $1,000 and one for $2,500. Each of the said drafts was countersigned by Henry D. Laughlin as general manager and each, when introduced in evidence, had indorsed on the back thereof, "Pay to the order of the American Trust & Savings Bank, Chicago. E. B. Leigh."

And each, when introduced in evidence, was stamped on the face thereof, "Paid. American Trust & Savings Bank." The one for $1,000 drawn June 26, 1899, being stamped, "Paid. June 28, 1899." The one for $2,500, being drawn August 2, 1899, was stamped, "Paid. August 4, 1899." The plaintiff having introduced these drafts called to the witness stand Mr. Francis A. Riddle, a lawyer of Chicago, who testified that July 13, 1900, as the attorney for appellee, he wrote to appellant a letter, a portion of the same being as follows:

"Also to request of you the payment of the sum of $1,000 loaned to you by the American Brake Beam Company on June 26, 1899, and for $2,500 loaned to you by the last named company on August 2,1900, interest on these several amounts from the date of the respective loans made to you at 6%. Will you kindly give the matter your attention and advise me of your position in that respect? I am,

Very respectfully,
F. A. RIDDLE."

To which he, Riddle, received the following reply:

"CHICAGO, July 31, 1900.

Francis A. Riddle, Esq., City.

DEAR SIR:—I am in receipt of your favor of the 30th instant. In reply, beg to say I will be pleased to have you call upon me with reference to the matter therein referred to.

Very truly yours,
E. B. LEIGH."

Mr. Riddle testified that between the first and sixth of August he called upon Mr. Leigh. That appellant then said to him that he and Judge Laughlin had been friends for a long time and that he regretted anything should occur which would break or tend to break it. That appellant said to him that when he borrowed the money, he borrowed it for the account of himself and Judge Laughlin.

Appellant, being called as a witness, testified:

"I told Mr. Riddle that I did not owe the company any money; that I did not borrow any money from it. I said 'I want to show you a statement that I rendered to Laughlin under date of February 1, 1900, which explains this transaction.'"

Counsel for appellant offered in evidence the statement which appellant testified he showed at this time to Riddle. Counsel for appellant in this connection state: "This statement which he showed to Riddle shows that Mr. Leigh got these checks from H. D. Laughlin. He read it off to him."

It was not claimed that the statement would tend in any way to refute the testimony of Riddle. The court therefore refused to admit it in evidence. Counsel for appellant also called as a witness William A. Tichenor, the secretary and treasurer of appellee, and appellant offered in evidence a portion of the account of H. D. Laughlin as shown by the ledger of appellee; the portion of such account offered beginning with the item upon the debit side "1899, forward $39,154.53. Credit, 1899, forward $16,669.73." Which account showed a credit "August 2d, E. B. Leigh, $25,000," and that at that date Laughlin had a credit balance of $2,610.47, and which account shows that December 31, 1899, Laughlin had a credit balance of $73,481.03.

As instructed by the court the jury returned a verdict for the plaintiff for the sum of $3,916, upon which there was judgment.

JOHN P. AHRENS and DAVID S. GREER, attorneys for appellant.

DEFREES, BRACE & RITTER, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

To the action of the plaintiff appellant sets up as a defense two things: First, that appellee had under its charter, no authority to loan money, and that any loan made by it would have been *ultra vires*. Second, that he never borrowed any money from appellee and never received any money for its use; the transaction under which he received the drafts in question and the money called for by them, being, as he claimed, an advance of money made to him by H. D. Laughlin, to be used by him, appellant, for the joint benefit of him and Laughlin in certain transactions in which

they were engaged and with which appellee had nothing to do, nor any interest therein.

Appellee claims that the ledger of appellee shows that at the time of the reception by him of the second draft, Laughlin had standing upon the ledger of appellee to his credit, more than the amount of such draft, and that as the ledger account shows that several months after the second draft was received, Laughlin had a credit balance upon the ledger of appellee to a large amount, Laughlin had at the time he made the second draft a right to take the money of appellee and appropriate it to his own use, and that appellee has lost nothing by the conduct of Laughlin in issuing these drafts.

Appellant did not offer to show that the excerpt from appellee's ledger showed the real or true condition of accounts, debts and credits, between Laughlin and appellee. Nor did appellee offer to show that by any action of the stockholders or directors of the American Brake Beam Company, Laughlin was authorized to loan or advance this money for his, Laughlin's, use or in his private business, or that such conduct by him had ever been ratified by appellee. Whether H. D. Laughlin, having standing a balance to his credit upon the books of appellee, might not have drawn his order upon appellee for such balance and given the same to appellant, who might thereby have become entitled to receive the money from appellee, is not a question presented in this case, because Laughlin did not do anything of the kind. What he did do was, as the general manager of appellee, to make these drafts upon a bank and give the same to appellant, such drafts being, according to the contention of appellant, for money to be used in no way or wise for the benefit of appellee, or in the discharge of its obligations, but for the joint benefit of him, Laughlin, and appellant. Appellant was notified by the drafts that the money of appellee was being taken by its president to be used, as appellant says he understood, for the joint benefit of him and Laughlin.

In taking and using the money called for by these drafts

appellant took upon himself the burden, as against appellee, of showing that Laughlin had been authorized by appellee to make use of these moneys for such purpose.

No principle of the law of agency is better settled than that a person can not act as the agent of another in making a contract for himself. Chrystie v. Foster, 61 Fed. Rep. 551–552.

That a director or officer of a corporation acting avowedly for himself or on behalf of another with whom he is interested in any transaction can not be treated as the agent of the corporation therein, is beyond question. Santiago Innerarity and others v. Merchants' Nat. Bank, 139. Mass. 332–335.

Appellant has called our attention to the case of Kissam v. Anderson, 145 U. S. 435. That case is essentially variant from the present. In that it appeared that the defendants, who had received money from the cashier of the Albion Bank, as the court say, "returned this money to the Albion Bank. They deposited it with the Third National Bank, the correspondent of the Albion Bank and the bank from which they received the money on the checks of the Albion Bank. In fact, therefore, the money was placed where it was before it was taken in the possession and under the control of the Albion Bank. Not only that, the Third National Bank in its due course of business by monthly reports, informed the Albion Bank that they had received this money and held it subject to its order, and it was subsequently used by the Albion bank in drafts drawn by it in favor of other parties."

In this action at law, neither the equities nor the legal rights existing between appellant and H. D. Laughlin can be adjusted. If, as between Laughlin and appellant, the former should pay or account to appellee for the money received upon its drafts, appellant having paid the judgment in the present case, will have a right of action against Laughlin. No claim is made that Laughlin is not pecuniarily entirely responsible for the amount of the judgment that has been rendered against appellant. So soon as

appellant received money upon either of these drafts, if, as appellant has failed to show, Laughlin was not authorized to make the use of them he did, a right of action accrued to appellee for the amount respectively received upon each of these drafts.

If the transaction were to be regarded as a loan made by appellee to appellant, we do not think it one in which the defense of *ultra vires* could be successfully interposed. As appears, the transaction by which these moneys were obtained by appellant, was had entirely between Laughlin and appellant. That appellant could obtain by such means through the agency of Laughlin alone, a loan for the benefit in no way or wise of appellee, but to the knowledge of appellant for the joint use of him and Laughlin, and then he, appellant, be heard to say that such loans made through the agency entirely of the president of appellee and for his and appellants' benefit was on the part of appellee an *ultra vires* act, and that it could not recover its money thus unlawfully taken, we are not prepared to hold. The material facts entitling appellee to the judgment it obtained were not disputed by appellant, nor did he offer to show anything in avoidance thereof.

The judgment of the Circuit Court is affirmed.